**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **PEARL IP LICENSING LLC,** | |
| **Plaintiff,** | **Case No. 6:20-cv-00350** |
| **v.** | |
| **AT&T CORP.;** <br> **AT&T COMMUNICATIONS, LLC;** <br> **AT&T MOBILITY LLC; and** <br> **AT&T SERVICES, INC.** | **Jury Trial Demanded** |
| **Defendants.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pearl IP Licensing LLC, by and through the undersigned counsel, files this Complaint for patent infringement against Defendants, and in support states, all upon information and belief:

### PARTIES

1.      Plaintiff Pearl IP Licensing LLC ("Pearl IP" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of Texas and having its registered office at 815 Brazos St, Ste 500, Austin, TX 78701 and an office address at 2108 Dallas Pkwy, Ste 214 - 1042, Plano, TX 750 93-4362.

2.      Defendant AT&T Corp. is a corporation organized and existing under the laws of the State of New York, with a principal place of business at One AT&T Way, Bedminster, New Jersey, 07921-0752 ("ATTCorp").  ATTC is registered to do business, and has a registered office, in this State at CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.  ATTCorp is wholly owned by AT&T Inc.  AT&T Inc. is a corporation organized and

existing under the laws of the State of Delaware and that AT&T Inc. has a principal place of business at 208 South Akard Street, Dallas, Texas 75202-4206.

3.      Defendant AT&T Communications, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 295 North Maple Ave Basking Ridge, NJ 07920 ("ATTComm").  ATTComm is wholly owned by AT&T Inc.  ATTComm may presently be served with process through CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.      Defendant AT&T Mobility LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 1025 Lenox Park Boulevard NE, Atlanta, Georgia 30319 ("ATTM").  ATTM is owned by the following companies: SBC Long Distance, LLC, SBC Tower Holdings LLC, BellSouth Mobile Data, Inc., and New Cingular Wireless Services, Inc. All of the companies listed above are subsidiaries of AT&T Inc.  ATTM may presently be served with process through CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.      AT&T Services, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 175 East Houston Street, San Antonio, Texas 78205, and has a registered agent for service of process at CT Corporation System, 1999 Bryan Street, Suite 900, Dallas TX, 75201 ("ATTS").  ATTS is jointly owned by AT&T Inc. and AT&T Teleholdings, Inc. AT&T Teleholdings, Inc. is a wholly-owned subsidiary of AT&T Inc.

6.      All Defendants have regular and established places of business in this State.

7.      ATTCorp, ATTComm, ATTM and ATTS shall hereafter to collectively referred to as "AT&T."

**JURISDICTION AND VENUE**

8.      All the AT&T Defendants conduct business operations within the Western District of Texas in several stores and facilities throughout the District, including its "AT&T Stores" at 1428 Wooded Acres Dr #120, Waco, TX 76710; 4265 Interstate 35 N, Waco, TX 76705; 4330 W Waco Dr, Waco, TX 76710; 2320 W Loop 340 #100A, Waco, TX 76711; and 1515 Hewitt Dr Ste A, Waco, TX 76712.

9.      All the AT&T Defendants have directly and/or through subsidiaries or intermediaries committed and continue to commit acts of infringement in this District by, among other things, offering to sell and selling products that infringe the patent-in-suit.

10.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d).  The AT&T Defendants are registered to do business in the State of Texas, have offices and stores in the State of Texas, have transacted business in the Western District of Texas and have committed acts of direct infringement in the Western District of Texas.

11.      Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).  AT&T maintains a regular and established place of business in this District, including by maintaining or controlling "AT&T Stores" in this District.

**PATENT 6,819,539**

12.      U.S. Patent No. 6,819,539, entitled "Method For Circuit Recovery From Overstress Conditions" (the "'539 Patent") was duly and legally issued on November 16, 2004. A true and correct copy of the '539 Patent is attached as Exhibit A.

13.      The Patent disclosed and exemplified a unique and valuable apparatus for circuit recovery from overstress conditions, comprising circuits for detecting an event and resetting a

device when the event is a first predetermined type and circuits for providing recovery when the event is a second predetermined type.  (See '539 Abstract).

14.     Plaintiff is the named assignee of, owns all right, title and interest in, and has standing to sue and recover all past damages for infringement of the '539 Patent.

## COUNT I – INFRINGEMENT OF THE '539 PATENT

15.     Plaintiff restates and incorporates by reference the foregoing allegations.

16.     In violation of 35 U.S.C. §271, AT&T directly infringed at least claim 8 of the '539 Patent by selling apparatus within the scope of claim 1 of the '539 Patent (but excluding any previously licensed apparatuses, including phones made or sold by Samsung or Apple) ("Accused Instrumentality").

17.     Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart detailing the correspondence between one exemplary version of an Accused Instrumentality and claim 8 of the '539 Patent.

18.     Defendants have had knowledge of infringement of the '539 Patent at least as of the .service of the present Complaint

19.     As a result of Defendants' infringement of the '539 Patent, Plaintiff has suffered damages.

20.     Plaintiff is entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

21.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.  The claim chart depicted in

Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Plaintiff Pearl IP LLC respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A.     an adjudication that Defendants have infringed the '539 Patent;

B.     an award of damages to be paid by Defendants adequate to compensate Plaintiff for Defendants' past infringement of the '539 Patent through its expiration, including pre-judgment and post-judgment interest, costs, expenses, and an accounting of all infringing acts; and

C.     any and all such further relief at law or in equity that the Court may deem just and proper, including but not limited to attorneys' fees.

Dated: April 30, 2020                    Respectfully submitted by:

*Of Counsel:*                            */s/ Jay Johnson*

George Pazuniak (#478)                   Jay Johnson
O'KELLY & ERNEST, LLC                    Kizzia Johnson PLLC
824 N. Market Street                     1910 Pacific Ave, Ste 13000,
Suite 1001A                              Dallas, Texas 75201
Wilmington, DE 19801                     214-451-0164
(302) 478-4230                           jay@kjpllc.com
gp@del-iplaw.com

                                         *Attorney for Plaintiff*